IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TINA R. ARIGBE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-01241 |
| ) | Judge Campbell / Knowles |
| RES-CARE, INC., et al, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon Defendants' Motion for Summary Judgment. Docket No. 10. In support of their Motion, Defendants have contemporaneously filed a supporting Memorandum of Law (Docket No. 11), and a Statement of Undisputed Material Facts with the attached Affidavit of Steve Saunders ("Sanders Aff.") (Docket No. 13).

Plaintiff has not responded to Defendants' Motion or Statement of Undisputed Material Facts, nor has she filed her own Statement of Undisputed Material Facts.

Plaintiff originally filed this pro se action in the Circuit Court for Davidson County, Tennessee, alleging that Defendants violated her rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000, et seq.; and various Tennessee state codes, when they "intentionally, wilfully, maliciously discriminated, harassed, defamed, slander [*sic*], retaliated, and wrongfully discharged the plaintiff because of her reporting (whistleblowing) to the corporate officials and the news

media." Docket No. 1-1. Plaintiff additionally avers that Defendants created a hostile work environment for her, provided negative employment references about her, filed false statements with the Department of Children's Services saying that she violated a teenager's HIPPA privacy rights, and filed false statements with the Tennessee Labor Board to stop her unemployment benefits. *Id.* Plaintiff seeks $250,000 in "actual and compensatory damages" and $500,000 in punitive damages, as well as back pay, front pay, costs, reasonable attorneys fees, and such other relief that the Court determines to be "just and proper."[1] *Id.* Plaintiff additionally asks this Court to "enjoin defendants from any further conduct constituting wrongfully [*sic*] termination on the basis of retaliation/whistle-blowing." *Id.*

Defendants have removed Plaintiff's action to this Court. Docket No. 1.

Defendants filed the instant Motion for Summary Judgment and supporting materials arguing that there are no genuine issues as to any material fact and they are entitled to a judgment as a matter of law because "Defendants' actions related to Plaintiff's at-will employment were legitimate and non-discriminatory." Docket No. 11. Specifically, Defendants argue:

> Plaintiff's at-will employment was terminated after an internal investigation revealed that she was abusive to residents and other staff members. Plaintiff also received corrective action on multiple occasions for insubordination and other policy violations, including numerous complaints from residents and other employees, all of which were documented in her employee file. Further, Plaintiff's termination was not related to the "complaints" that she allegedly made regarding Magnolia Academy. In fact, Magnolia Academy had no knowledge that Ms. Arigbe had made any complaints prior to her termination. Despite Plaintiff's conclusory and unsupported assertions, the record is clear that there are no genuine issues of material fact in dispute, and Plaintiff's claims should be dismissed.

---

[1] As noted, Plaintiff is proceeding pro se.

*Id.*

As noted, Plaintiff has not responded to the instant Motion or supporting materials.

For the reasons to be discussed below, the undersigned finds that there are no genuine issues as to any material fact and that Defendants are entitled to a judgment as a matter of law. Accordingly, the undersigned recommends that Defendants' Motion for Summary Judgment (Docket No. 47) be GRANTED, and that this action be DISMISSED.

## II. Undisputed Facts[1]

### A. Affidavit of Steve Saunders

Steve Saunders was employed as the Executive Director of Magnolia Academy ("Magnolia") during Plaintiff's employment and at the time her employment with Magnolia was terminated. Saunders Aff., ¶ 1.

Magnolia is a youth residential home that provides temporary housing and treatment services for youth with emotional and behavioral issues or other special needs. *Id.*, ¶ 2. Defendant Res-Care has been in existence since 1972 and currently provides services in over 42 states. *Id.* Defendant Res-Care provides residential and support services to disabled persons, youth with special needs, and seniors. *Id.*

Plaintiff was an at-will employee who worked as a Residential Manager for Magnolia from on or about January 7, 2014, to on or about July 9, 2015, when she was terminated. *Id.*, ¶¶ 3, 4. Plaintiff's employment was terminated for legitimate, non-discriminatory reasons; specifically, after an internal investigation revealed that she was abusive to residents and to other

---

[1] Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56 and are undisputed.

3

staff of the facility. *Id.*, ¶ 5. Additionally, during her employment, Plaintiff was also the subject of numerous complaints from residents and employees, and she received corrective action on multiple occasions for insubordination and other policy violations, all of which were documented in her employee file. *Id.*, and attached Collective Exhibit 1.

Plaintiff's termination was not related to any alleged complaints she made, as Magnolia had no knowledge that Plaintiff had made any complaints prior to her termination. *Id.*, ¶ 6. After her termination, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, which was determined to be unsubstantiated. *Id.*, ¶ 7.

All of Magnolia's employment decisions related to Plaintiff had legitimate reasons and were not based on any kind of discrimination. *Id.*, ¶ 8.

### III. Applicable Law and Analysis

**A. Local Rules 7.01(b) and 56.01(c) and (g)**

Local Rule 7.01(b) states, in pertinent part:

> Each party opposing a motion shall serve and file a response, memorandum, affidavits, and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion.

Defendants filed the pending Motion on June 27, 2016. Docket No. 10. Plaintiff has failed to respond to the instant Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> c. Any party opposing the motion for summary judgment must

4

> respond to each fact set forth by the movant ...
>
> . . .
>
> g.  Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has also failed to respond to Defendants' Statement of Undisputed Material Facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Defendants are entitled to a judgment as a matter of law.

**B.  Summary Judgment Standards**

It would be inappropriate to grant Defendants' Motion solely on the ground that Plaintiff has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendants have met their burden under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

5

Case 3:15-cv-01241   Document 17   Filed 09/30/16   Page 5 of 13 PageID #: 86

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

**C. Title VII of the Civil Rights Act of 1964**

    **1. Generally**

Title VII of the Civil Rights Act of 1964 ("Title VII") protects employees from discrimination on the basis of an individual's race, color, religion, sex, or national origin, and provides, in part:

> It shall be an unlawful employment practice for an employer--
>
> (1)    to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2)    to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2.

Federal courts do not have jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can reasonably be expected to grow out of the EEOC charge. *Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir. 1998) (*citing Ang v. Procter & Gamble Co.,* 932 F.2d 540, 544-45 (6th Cir. 1991)). Thus, as a prerequisite to bringing a Title VII discrimination claim in federal court, a claimant is required to file a charge of discrimination or retaliation with the EEOC and is precluded from seeking judicial review until the Commission has made a final disposition of his claim. 42 U.S.C. § 2000e-5. *See also, United Air Lines, Inc. v. Evans*, 431 U.S. 553, 554, 97 S. Ct. 1885, 1887, 52

L. Ed. 2d 571 (1977). The wording of the allegations in the EEOC charge does not, however, have to be exact or all-encompassing; rather, the court may consider allegations not explicitly stated in the EEOC charge if those allegations could reasonably be expected to grow out of the charge of discrimination. *Tipler v E. I. du Pont de Nemours & Co.*, 433 F.2d 125, 131 (6th Cir. 1971) (*citing Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 465-66 (5th Cir. 1970)*; King v. Georgia Power Co.*, 295 F.Supp. 943 (N.D. Ga. 1968)).

### 2. Prima Facie Case of Discrimination

In order to establish a prima facie case of discrimination in violation of Title VII, a plaintiff must prove that,

1. she is a member of a protected class;

2. she was qualified for her job and performed it satisfactorily;

3. despite her qualifications and performance, she suffered an adverse employment action;[2] and

4. that she was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside his protected class.

*Johnson v. University of Cincinnati*, 215 F.3d 561, 572-73 (6th Cir. 2000) (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)) (footnote added).

A plaintiff may establish a claim of discrimination under Title VII either by introducing direct evidence of discrimination, or by proving circumstantial evidence that would support an inference of discrimination. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 572 (6th Cir. 2000),

---

[2] An adverse employment action is one that causes a materially adverse change in a term of employment, such as significantly diminished responsibilities, termination, a demotion evidenced by a decrease in wage or salary, a less distinguished title, or a material loss of benefits. *See Kocsis v. Multi-Care Mgmt.*, 97 F.3d 876, 885-86 (6th Cir. 1996).

8

*citing Kline v. Tennessee Valley Auth.*, 128 F.3d 337, 348 (6th Cir.1997). "The direct evidence and the circumstantial evidence paths are mutually exclusive; a plaintiff need only prove one or the other, not both." *Id.*

Under the direct evidence approach, once the plaintiff introduces evidence that the employer terminated her because of her protected status, the burden of persuasion shifts to the employer to prove that it would have terminated the plaintiff even had it not been motivated by discrimination. *Johnson*, 215 F.3d at 572, *citing Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1081 (6th Cir. 1994) (*citing Price Waterhouse v. Hopkins*, 490 U.S. 228, 244-45, 109 S. Ct. 1775, 104 L. Ed. 2d 268 (1989)).

If the plaintiff lacks direct evidence of discrimination, the circumstantial evidence approach is used and the *McDonnell Douglas-Burdine* tripartite test is employed. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), as later clarified by *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981). The *McDonnell Douglas-Burdine* tripartite test requires the plaintiff to first establish a prima facie case of discrimination. *Id.* If the plaintiff is able to do so, a mandatory presumption of discrimination is created and the burden of production shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection. *Id.* If the defendant carries this burden, the plaintiff must then show that the proffered reason was actually pretextual. *Id.* The plaintiff may establish pretext by showing that, 1) the stated reasons had no basis in fact; 2) the stated reasons were not the actual reasons; or 3) the stated reasons were insufficient to explain the defendant's action. *Id. See also, Cicero v. Borg-Warner Automotive, Inc.,* 280 F.3d 579, 589 (6th Cir. 2002). "A reason cannot be proved to be 'a pretext

for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993).

### 3. Prima Facie Claim of Retaliation

An employer may not retaliate against an employee because he has opposed an unlawful employment practice, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing. 42 U.S.C. § 2000e-3(a). A prima facie case of retaliation requires a plaintiff to demonstrate that:

    1.    he engaged in a protected activity;

    2.    the defendant knew that the plaintiff was exercising protected rights;

    3.    the plaintiff suffered an adverse employment action or was subjected to severe or pervasive retaliatory harassment by a supervisor; and

    4.    there was a causal connection between the protected activity and the adverse employment action or harassment.

*Little v. BP Exploration and Oil Co.,* 265 F.3d 357, 363 (6th Cir. 2001); *Morris v. Oldham Co. Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000).

Retaliation claims are evaluated under the *McDonnell Douglas-Burdine* tripartite test discussed above. *EEOC v. Avery Dennison Corp.,* 104 F.3d 858, 862 (6th Cir. 1997).

## D. Fair Labor Standards Act

The anti-retaliation provision of the FLSA prohibits an employer's retaliation against an employee based on the employee having filed a complaint or having instituted any proceeding under the FLSA. *See* 29 U.S.C. § 215(a)(3). The *McDonnell Douglas-Burdine* burden-shifting

analysis set forth above applies to FLSA retaliation claims. *See, e.g., Adair v. Charter County of Wayne*, 452 F.3d 482, 489 (6th Cir. 2006).

**E. The Case At Bar**

As has been noted, Plaintiff alleges that Defendants violated her rights under Title VII, the FLSA, and various Tennessee state law codes. *See* Docket No. 1.

Addressing first Plaintiff's Title VII discrimination claims, as has been noted, in order for Plaintiff to establish a prima facie claim of discrimination in violation of Title VII, she must establish that: 1) she is a member of a protected class; 2) she was qualified for her job and performed it satisfactorily; 3) despite her qualifications and performance, she suffered an adverse employment action; and 4) she was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside her protected class. *Johnson*, *supra*; *McDonnell Douglas Corp., supra*. As set forth above, the undisputed facts demonstrate that Plaintiff was an at-will employee who worked as a Residential Manager for Magnolia from approximately January 7, 2014 to July 9, 2015; that during her employment, Plaintiff was the subject of numerous complaints from residents and employees; that she received corrective action on multiple occasions for insubordination and other policy violations, all of which were documented in her employee file; and that Plaintiff's employment was terminated after an internal investigation revealed that she was abusive to residents and to other staff of the facility. Saunders Aff., ¶¶ 3, 4, 5, and attached Collective Exhibit 1. The undisputed facts therefore establish that Plaintiff did not perform her job satisfactorily; accordingly, Plaintiff cannot

establish a prima facie claim of discrimination in violation of Title VII.[3]

Moreover, it is undisputed that all of Magnolia's employment decisions related to Plaintiff had legitimate reasons and were not based on any kind of discrimination. *Id.*, ¶ 8.

Turning next to Plaintiff's retaliation claims under both Title VII and the FLSA, as discussed above, in order to establish a prima facie case of retaliation, Plaintiff must demonstrate that: 1) she was engaged in a protected activity; 2) Defendants knew that she was exercising protected rights; 3) she suffered an adverse employment action or was subjected to severe or pervasive retaliatory harassment by a supervisor; and 4) there was a causal connection between the protected activity and the adverse employment action or harassment. *Little,* 265 F.3d at 363; *Morris*, 201 F.3d at 792. The undisputed facts demonstrate that Plaintiff's termination was not related to any alleged complaints she made, as Magnolia had no knowledge that Plaintiff had made any complaints prior to her termination. Saunders Aff., ¶ 6. Accordingly, Plaintiff cannot sustain her retaliation claims under either Title VII or the FLSA.

With regard to Plaintiff's state law claims, because the Plaintiff cannot sustain her federal claims, the undersigned recommends declining to exercise supplemental jurisdiction over Plaintiff's state law claims, and those claims should be dismissed.

## VI. Conclusion

For the foregoing reasons, the undersigned finds that there are no genuine issues as to any material fact and that Defendants are entitled to a judgment as a matter of law. The undersigned therefore recommends that Defendants' Motion for Summary Judgment (Docket No. 10) be

---

[3] Additionally, there is no allegation that Plaintiff was either replaced by a person outside her protected class or treated less favorably than a similarly situated person outside her protected class.

GRANTED, and that this action be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge